UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

ANDREW JACKSON ALEXANDER, III,
　　　　　*Defendant-Appellant.*

No. 01-4033

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-98-288)

Submitted: September 5, 2002

Decided: September 27, 2002

Before NIEMEYER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

### COUNSEL

Michael A. Kolb, Charlotte, North Carolina, for Appellant. Gretchen
C.F. Shappert, Assistant United States Attorney, Charlotte, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Andrew Jackson Alexander, III appeals his conviction and sentence for conspiracy to possess with intent to distribute and to distribute cocaine within 1000 feet of a protected area, in violation of 21 U.S.C. §§ 841(a)(1), 846, 860. Alexander's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal but raising several potential issues. Alexander has filed a pro se supplemental brief in which he contends the district court improperly relied on prior uncounseled misdemeanor convictions to establish his criminal history category for sentencing purposes.*

We find Alexander's sentence of 180 months' imprisonment does not implicate *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the sentence does not exceed the statutory maximum of 480 months as set forth in § 860. *See United States v. Kinter*, 235 F.3d 192, 199-202 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001). We also reject Alexander's contention the district court improperly increased his total offense level pursuant to *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (1998).

Alexander next challenges his Fed. R. Crim. P. 11 hearing. We generally review the adequacy of a guilty plea de novo, but in the Rule 11 context, violations are evaluated for harmless error. *United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999) (citing *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995)). Our careful review of the record finds no error, harmless or otherwise. *See United States v. DeFusco*, 949 F.2d 114, 117, 120 (4th Cir. 1991).

Finally, out of an abundance of caution, Alexander's attorney notes that Alexander's guilty plea does not waive claims of ineffective assistance of counsel and prosecutorial misconduct. Counsel candidly acknowledges, however, that he cannot bring to our attention any prejudicial error by Alexander's former attorney or instances of pro-

---

*The remaining contentions made in Alexander's pro se supplemental brief were raised in the brief filed by counsel.

secutorial misconduct. Because ineffective assistance of counsel does not conclusively appear on the face of the record, we decline to review this claim. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). We also find Alexander's prosecutorial misconduct claim meritless.

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. We have reviewed the arguments made in Alexander's pro se supplemental brief. As to Alexander's contention that the district court improperly used prior uncounseled misdemeanor convictions to establish his criminal history category, we find no plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). We therefore affirm Alexander's conviction and sentence. We also deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*